**Robert G. TILTON, an individual, Plaintiff,**

v.

**CAPITAL CITIES/ABC INC., a New York corporation; et al., Defendants.**

No. 92–C–1032–BU.

United States District Court, N.D. Oklahoma.

May 24, 1995.

Sheila Miller Bradley, Ted J. Nelson, J.C. Joyce, John C. Joyce, Tulsa, OK, for plaintiff.

Harvey D. Ellis, Jr., Clyde A. Muchmore, Anton J. Rupert, Oklahoma City, OK, Cheryl L. Cooper, Tulsa, OK, Floyd Abrams, Susan Buckley, David G. Januszewski, Edward P. Krugman, New York City, for defendants.

### *ORDER*

BURRAGE, District Judge.

This matter comes before the Court upon Defendants' Motion in Limine to Preclude the Introduction of Certain Evidence at Trial Concerning the Newsman's Privilege, Employment Contracts, Financial Information and Personal Information (Docket Entry # 292). Plaintiff has responded to the motion and Defendant has replied thereto. Based upon the parties' submissions, the Court makes its determination.

## Confidential Sources

In their motion, Defendants seek to preclude Plaintiff from questioning Defendants or their witnesses at trial concerning their confidential sources. Defendants assert that this Court has previously ruled that Plaintiff was not entitled to discover the identity of the confidential sources on the basis that Plaintiff had not satisfied his stringent burden under the Oklahoma Shield Law and the First Amendment reporter's privilege. In addition, Defendants assert that they do not intend to rely upon any confidential sources nor any information obtained in confidence from such sources in defense of this action. Therefore, Defendants contend that Plaintiff should not be able to question Defendants or their witnesses about any matter concerning their confidential sources.

Plaintiff, in response, contends that he is entitled to ask Defendants or their witnesses as to the source of any information upon which any of Defendants rely at trial in defense of this action. If the answer is a confidential source, Plaintiff states that he is entitled to inquire further. Plaintiff also states that he is entitled to question any defense witness at trial about any matter relating to John Michael Taylor, Wally Turnbull and Eleanor (Betty) Turnbull.

Upon review, the Court finds that Defendants' motion should be granted to the extent that Plaintiff may not inquire of Defendants at trial as to the identity of any confidential source or information obtained in confidence from any confidential source so long as Defendants do not rely on any confidential sources or information obtained in confidence from any confidential sources in their defense of this action. The Court finds that Plaintiff may ask Defendants about the sources of information on which they rely in their defense at trial. The Court also finds that Plaintiff may inquire as to any matter relating to John Michael Taylor, Wally Turnbull and Eleanor (Betty) Turnbull.

## Unpublished Information

Defendants, in their motion, seeks to preclude Plaintiff from questioning any witness about any matter pertaining to unpublished information solely concerning W.V. Grant, Larry Lea or any other ABC news reports and from referring to any of this information during the course of trial. Defendants assert that during discovery, Plaintiff's counsel has been permitted to conduct a limited review of material which contained information relating to both Plaintiff as well as W.V. Grant, Larry Lea or other ABC news reports to determine whether any information concerning Plaintiff may have been mistakenly redacted from those documents. Defendants contend that Plaintiff's counsel's review has been completed and Plaintiff has submitted 15 documents for the Court's review. Defendants assert that Plaintiff should be precluded from questioning any witness about the unpublished information relating solely to W.V. Grant, Larry Lea and other ABC news reports since it is protected under the Oklahoma Shield Law. Defendants also contend that Plaintiff's counsel has should be barred from referring to any such information during the course of trial. Defendants further request that Plaintiff's counsel be required to return all such privileged materials to Defendants.

In response to Defendants' motion, Plaintiff states that he is not interested in questioning any witness about unpublished information solely concerning W.V. Grant, Larry Lea or other ABC news reports. Plaintiff, however, states that he is entitled to question witnesses in regard to documents which contain information relating to Grant or Lea which also contain information regarding Plaintiff. Plaintiff states that Defendants' request for the documents is premature as some are the best copies of those documents and others establish context to enable Plaintiff's counsel to properly assess their significance which became apparent only after the completion of depositions.

The Court has previously denied Plaintiff's attempt to obtain production of Grant and Lea materials on the basis that those materials are privileged under Oklahoma law. The Court did permit Plaintiff's counsel to review previously redacted Grant and Lea materials to determine whether any information concerning Plaintiff was mistakenly redacted from those documents. After reviewing the documents, Plaintiff has chosen 15 for examination by the Court. As to the other privi-

leged Grant and Lea materials, however, the Court finds that Plaintiff is not entitled to use or refer to those documents at trial. The Court, therefore, finds that Defendants' motion should be granted to the extent it seeks to preclude Plaintiff from using or referring to the privileged Grant and Lea materials, save and except the 15 documents which are before the Court for resolution. Plaintiff is directed to return the privileged documents to Defendants within ten (10) days from the date of this Order.

*Employment Contracts*

Defendants request that Plaintiff be precluded from inquiring about the employment contracts of the individual Defendants Diane Sawyer and Roberta Gordon. Defendants contend that the Court has previously ruled that these contracts have no relevance to these proceedings. Despite this ruling, Defendants contend that Plaintiff has continued to attempt to discern information contained in these contracts during discovery and Defendants anticipate that Plaintiff will attempt to use or refer to information of this nature during trial. Defendants also state that they inadvertently produced to Plaintiff a document containing information concerning Roberta Gordon's contract with ABC. Defendants state that at the deposition of Roberta Gordon, ABC's counsel informed Plaintiff's counsel of the mistake and stated that he would replace the document with a correctly redacted copy. Plaintiff's counsel has not returned the document to Defendants and they request the Court to direct Plaintiff's counsel to return the inadvertently produced document, (bearing bates number A22750–R), to Defendants.

Plaintiff, in response, states that he sought the contracts of Diane Sawyer and Roberta Gordon on the basis that he desired to see if there were incentive bonuses tied to ratings of the programs in which they participate. According to Plaintiff, the Court found no such provisions in the contracts and therefore denied Plaintiff access to those contracts on that basis. Plaintiff states that since the Court's ruling, he has found that there is an indemnity clause in the contracts which would make the contracts discoverable. In addition, Plaintiff states that it is his theory

that the employment contracts were substantially altered after the initial *PrimeTime Live* broadcast and notice of this suit in order to secure perjured testimony of Defendants, specifically, with reference to the destruction of a videotape allegedly taken at the dumpster of the main downtown bank. He states that the contracts should be discoverable on that basis. Furthermore, Plaintiff states that the Court has never ruled that the terms and conditions of the contracts, such as salary, retroactivity, payments for perjured testimony, were not discoverable.

In its Order of January 31, 1995, the Court ruled that the employment contracts had no relevance to this proceeding. Such ruling applies to the terms and conditions of the contract as well as the contract itself. As to the indemnity provisions, which were provided by Defendants pursuant to Rule 26(a)(1)(D), Fed.R.Civ.P., the Court finds that Plaintiff has not sufficiently shown that the indemnity clauses justify production of and questioning of the other terms of the contracts. Furthermore, the Court finds that production of and questioning of the terms of the contracts is not warranted based upon Plaintiff's unsubstantiated claims that ABC increased the compensation of the individual Defendants to secure perjured testimony. The Court, therefore, finds that Defendants' motion to the extent it seeks to preclude Plaintiff from inquiring about the terms of the individual Defendants' contracts and using or referring to any such information should be granted.

Because the Court finds that the terms and conditions of the individual Defendants's contract is not relevant to this proceeding, the Court finds that the document (bearing bates number A22750–R) which sets forth proprietary information concerning Roberta Gordon's present salary should be returned to Defendants. Plaintiff is therefore ordered to return such document to counsel for Defendants within ten (10) days from the date of this Order.

*Financial Information*

Defendants assert that during discovery, Plaintiff sought documents which are of a confidential or proprietary nature with respect to ABC's business. Specifically, Plain-

tiff sought all financial information concerning *PrimeTime Live,* revenues relating to the costs of commercial time, the cost of producing *PrimeTime Live* and revenues relating to *PrimeTime Live.* Defendants state that this Court denied Plaintiff's request for financial information from ABC for *PrimeTime Live.* Based upon this ruling, Defendants request that Plaintiff be precluded from making any inquiries of ABC witnesses at trial concerning ABC's financial data.

In response, Plaintiff states that since Defendants have produced the annual reports to shareholders for Defendant Capital Cities/ABC, Inc., the financial information contained in the reports are sufficient for Plaintiff for all purposes including punitive damages.

In light of Plaintiff's statement, it appears that Plaintiff does not intend to make any inquiries into ABC's financial data for *PrimeTime Live.* Consequently, the Court concludes that Defendants' motion to the extent it seeks to preclude Plaintiff from making any inquiries of Defendants or their witnesses concerning such information should be granted.

*Personal Information*

In their motion, Defendants state that during the course of discovery, they redacted certain personal information of the individual Defendants, including home addresses, telephone numbers, social security numbers and other wholly personal information, from documents produced to Plaintiff. According to Defendants, Magistrate Judge John L. Wagner ruled that ABC was permitted to redact such information from the documents. Defendants contend that notwithstanding such ruling, Plaintiff has attempted to elicit such information through certain questions posed by Plaintiff's counsel during depositions. Defendants, therefore, request that Plaintiff be precluded from seeking to elicit any testimony concerning personal information of the individual Defendants at trial.

Plaintiff, in response to the motion, states that he has no intention of asking for any personal information regarding the individual Defendants and requests the same consideration by Defendants for Plaintiff and other witnesses. Plaintiff states that he has not

tried to circumvent the Court's rulings on personal information. Plaintiff also states that Defendants have not produced any real evidence to support the claims of the individual Defendants that their personal information must be kept confidential in fear of reprisal.

Because Plaintiff represents that he does not intend to ask for personal information at trial, the Court finds that Defendants' motion should be granted to the extent it seeks to preclude Plaintiff from eliciting testimony concerning the individual Defendants' residences, their families, their telephone and credit card and social security numbers at trial and from referring to any such matters at trial.

Based upon the foregoing, Defendants' Motion in Limine to Preclude the Introduction of Certain Evidence at Trial Concerning the Newsman's Privilege, Employment Contracts, Financial Information and Personal Information (Docket Entry #292) is GRANTED to the extent stated above.